

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2004

# Tsymbalenko v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2480

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Tsymbalenko v. Atty Gen USA" (2004). *2004 Decisions.* Paper 578.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/578

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-2480

———————

YELENA TSYMBALENKO;
ALEKSEY TSYMBALENKO,

Petitioners

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A78-726-981/982)

———————

Submitted under Third Circuit LAR 34.1(a)
June 28, 2004

BEFORE:  AMBRO, BECKER, and GREENBERG, Circuit Judges

(Filed: June 29, 2004)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

This matter comes on before this court on Yelena Tsymbalenko and Aleksey

Tsymbalenkos' petition for review of an order of the Board of Immigration Appeals ("BIA") issued on April 29, 2003, affirming an order of an Immigration Judge ("IJ") denying her motion to reopen an in absentia removal order entered against her. The in absentia removal order was entered August 20, 2001, and the order denying the motion to reopen was entered on January 9, 2002.

The following is what happened. Petitioners, who are mother and son and to whom we will refer as a matter of convenience jointly and singularly as Tsymbalenko, arrived in the United States on or about December 26, 1997, with a tourist visa authorizing her to stay until July 25, 1998. Nevertheless without authorization Tsymbalenko did not depart and thus the Immigration and Naturalization Service ("INS") ordered her to appear for removal proceedings on April 24, 2001. She appeared at that time with counsel and conceded removability but indicated that she was seeking asylum. The transcript of the hearing on April 24, 2001, is not entirely clear but does indicate that: "There has been an asylum application submitted by the mother (inaudible) August 20, 2001 at 12:00 o'clock to begin on the asylum application. Anything you want to add Ms. Aristova." Aristova, who was petitioner's attorney, responded: "No, your honor." The court never mentioned any other date for the next hearing.

In her brief in this court petitioner explains the following with respect to the rescheduling of the matter:

> At the time of the hearing [on April 24, 2001], IJ indicated to the appellant and the appellant's attorney, by way of off the record discussion,

2

that the next master hearing in this matter would take place on August 28, 2001. The client recorded this date for her purposes, and counsel made a contemporaneous note on the Notice to Appear, which the counsel had in front of her for purposes of pleading at the time of the proceedings. Apparently, the Court clerk entered August 20, 2001 as the next date for the hearing, instead of August 28, 2001, as was previously agreed with the counsel. No written notice reflecting the date for future hearing was provided to Appellants at the time of the April 24, 2001 hearing.

Petitioner's br. at 4.

Petitioner, however, points to nothing to substantiate her claim that the court fixed August 28, 2001, as the date for the next hearing. Moreover, the written notice to which she refers was mailed to petitioner and plainly provides as follows: "Please take notice that the above captioned case has been scheduled for a Master/Individual hearing before the Immigration Court on 8-20-01 at 12 p.m." It appears that the notice was mailed to petitioner rather than to her attorney as she had withdrawn her appearance for petitioner.

The asylum hearing was held on August 20, 2001, at which time petitioner did not appear. The IJ indicated that petitioner had oral and written notice of the hearing with a copy being mailed to her. Consequently, he ordered her removed in absentia.[1]

Petitioner's attorney promptly filed a petition to reopen on which the parties appeared on September 18, 2001. The IJ refused to reopen because he was satisfied that petitioner had notice of the August 20 proceeding. The IJ also said that "In addition, I

---

[1]In a previous proceeding before this court on a petition for review following the August 20, 2001 hearing in which we dismissed the petition for lack of jurisdiction, we expressed concern about the sloppy manner in which the IJ completed the form. Tsymbalenko v. Ashcroft, 36 Fed. Appx. 503 (3d Cir. 2002). Nevertheless, even though sloppy it was legible.

3

would be unwilling to reopen the case for her to apply for asylum because she's complaining of alleged domestic abuse from a person here in Philadelphia. And that's not the purpose of asylum." The IJ's reference to a person in Philadelphia was to petitioner's husband, who petitioner said would return to Russia if she did so and persecute her there. In this regard, she asserts that she is a member of a "social group consistently persecuted and unprotected by the government in Russia," as "over 12,000 women are killed in Russia by abusive husbands" annually. Petitioner's br. at 3. Petitioner evidently believes that wives abused in Russia by their husbands are eligible by reason of the abuse to asylum in the United States. Moreover, she adds an implicit refinement to the contention that she should be regarded as being in that group inasmuch as she relies for her claim for asylum on abuse in the United States rather than in Russia. Petitioner subsequently submitted a supplemental motion to reopen, which a second IJ denied for the same reasons the first IJ denied her first motion.

Petitioners then appealed to the BIA which rendered the following per curiam opinion:

> We affirm the decision of the Immigration Judge. See Matter of Burbano, 20 J&N Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is 'simply a statement that the Board's conclusions upon review of the record coincide with those the Immigration Judge articulated in his or her decision'). The respondent argued on appeal that the notice of the hearing provided indicated that the hearing would be scheduled for August 28, 2001. We have reviewed the record, and note that the respondent was served in court with a notice which clearly reflects that the next hearing date was August 20, 2001 (see Exh. 4). The respondent's apparent

4

confusion is not an exceptional circumstance to reopen. Accordingly, the appeal is dismissed.

The petition for review in this case followed. We have jurisdiction under 8 U.S.C. § 1252(a).

The parties agree that we review the BIA's decision on an abuse of discretion basis. INS v. Doherty, 502 U.S. 314, 323-24, 112 S.Ct. 719, 724-25 (1992); Nocan v. INS, 789 F.2d 1028 (3d Cir. 1986). The respondent adds, however, that statutorily the petitioner must show exceptional circumstances beyond her control or that she did not receive notice of the hearing. 8 U.S.C. § 1229a(b)(5)(C). The petitioner indicates that the BIA would abuse its discretion if it rested its decision on a clearly erroneous finding of fact. See Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002).

Plainly the BIA did not abuse its discretion here. The only prospective date mentioned at the April 24, 2001 hearing was August 20, 2001. Moreover, the notice mailed to petitioner mentioned only August 20, 2001. While it is true that petitioner claims that she never received the written notice, there is nothing in the record to support her contention that the hearing was rescheduled for August 28, 2001. Inasmuch as we hardly can predicate our decision on an alleged off the record discussion, we cannot say that the BIA abused its discretion in dismissing the appeal from the denial of the motion to reopen.

The petition for review will be denied. The order entered on July 7, 2003, staying deportation is vacated.

5

/s/ Morton I. Greenberg
Circuit Judge